In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-22-00162-CV
IN RE TATIANA TELEGINA

**Original Proceeding**
**County Court at Law No. 3 of Montgomery County, Texas**
**Trial Cause No. 17-11-14052-CV**

## MEMORANDUM OPINION

In a petition for a writ of mandamus arising out of a suit for dissolution of marriage, Tatiana Telegina complains that the trial court abused its discretion by denying her motion to compel the depositions of the opposing party, Vladimir Nechayuk, and his attorney, Tesha Peeples, on the issue of attorney's fees. Telegina also complains that the trial court abused its discretion by denying her request to require Nechayuk to segregate his attorney's fees as to each of the claims she brought against him in the suit, and she also complains that the trial court has not ruled on some pretrial motions. She argues that she lacks an adequate remedy by appeal because the trial court's rulings severely compromise her ability to defend against

Nechayuk's claim for attorney's fees and that the records and information she seeks will not be made a part of the appellate record.

After Telegina filed her mandamus petition, the trial court reconsidered some of Telegina's motions, granted her request for a continuance of the jury trial scheduled for June 6, 2022, granted her request to depose Peeples and ordered the deposition by Zoom conference on June 6, 2022, denied her request to redepose Nechayuk about attorney's fees, and denied her request for the trial court to order Nechayuk to segregate his attorney's fees.[1] We conclude that as to all of Telegina's complaints, she has failed to establish that the trial court's rulings constitute an abuse of discretion from which there is no adequate remedy by appeal.[2] We deny the petition for a writ of mandamus.[3]

PETITION DENIED.

PER CURIAM

Submitted on July 13, 2022
Opinion Delivered July 14, 2022

Before Kreger, Horton and Johnson, JJ.

---

[1] We note that the trial court's subsequent orders superseded the prior order and also mooted complaints stated in the mandamus petition. *See In re Norton*, No. 06-19-00074-CV, 2019 WL 4064580, at *1 (Tex. App.—Texarkana Aug. 29, 2019, orig. proceeding) (mem. op.).

[2] *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (Mandamus relief is available to correct an abuse of discretion from which there is no adequate remedy by appeal.).

[3] Tex. R. App. P. 52.8(a).